UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GAIL GRENZIG,

               Plaintiff,

      -against-

SACHEM SCHOOL DISTRICT, SACHEM
SCHOOL BOARD OF EDUCATION, and
JAMES NOLAN, in his individual and
official capacity,

              Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-7278

(Wexler, J.)

APPEARANCES:

Law Office of Frederick K. Brewington
By: Frederick K. Brewington, Esq.
556 Peninsula Boulevard
Hempstead, NY 11550
Attorneys for Plaintiff

Rutherford & Christie, LLP
By:  Lewis R. Silverman, Esq.
      Caroline B. Lineen, Esq.
369 Lexington Avenue, 8th Floor
New York, NY 10017
Attorneys for Defendants

WEXLER, District Judge:

      Plaintiff Gail Grenzig ("Grenzig" or "Plaintiff") brings this action alleging age and

gender discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et*

*seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, ("ADEA"), the

Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, New York State Human Rights Executive

Law § 296 ("NYSHRL"), and discrimination and retaliation in violation of the Equal Pay Act, 29

U.S.C. § 206(d). Plaintiff also brings claims for breach of contract and intentional infliction of emotional distress.[1] Defendants Sachem School District, Sachem School Board of Education (collectively, "Sachem" or the "District") and James Nolan ("Nolan"), the Superintendent of the District, in his individual and official capacity (collectively, "Defendants") move to dismiss the complaint for lack of subject matter jurisdiction, failure to comply with the statute, and for failure to state a claim pursuant to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(c). For the reasons that follow, Defendants' motion is granted in part and denied in part.

BACKGROUND

I.    Factual Background

According to the complaint, Plaintiff, aged 53 at the time of the complaint, was born on February 20, 1960. She was initially hired by Sachem in 2004 as an Assistant Personnel Administrator. In 2005, she was promoted to Assistant Superintendent of Personnel. In 2009, Defendant Nolan became Superintendent of Sachem, and in that year, three other Assistant Superintendents, who were either males or much younger females, received raises, but Plaintiff did not. For the 2009-2010 school year, Plaintiff's salary was $146,479, while the other Assistant Superintendents received either more, or not significantly less, than Plaintiff, who had more years of experience. In that year, Plaintiff was the only Assistant Superintendent who did not have a contract.

In 2010-2011, Plaintiff earned $150,141, while the other Assistant Superintendents were paid more with less experience: Jill Karp, four years experience, earned $159,285; Paul Manzo,

---

[1]Plaintiff's complaint also alleges a claim under Title VI of the Civil Rights Act, 42 U.S.C. § 2000(d), which Defendants argue was withdrawn by the Plaintiff in a letter to the Court, see docket entry ("DE"), 9 and is not a subject of this motion. Plaintiff does not dispute this.

one year experience, earned $146,600; and Bruce Singer, aged 61, earned $211,150.

In the 2011-2012 school year, Plaintiff's salary was reduced to $146,479, while Jill Karp's salary was increased to $161,285, and Paul Manzo's salary, with less than three years experience, was increased to $147,701.

Plaintiff first wrote to Defendant Nolan regarding her salary disparity in August 2011, which was ignored. In September 2012, Plaintiff again wrote a letter, and received a letter stating that an investigation would occur. After correspondence about the investigation and the counsel used to conduct it, in April 2, 2012, Plaintiff received a letter from the President of the Board stating the reasons for the salary decisions, including performance issues. Another counsel was appointed by the Board to conduct the investigation, which counsel scheduled meetings without providing warnings or notice to the Plaintiff, which Plaintiff objected to.

On April 10, 2012, Plaintiff filed a complaint with the Equal Employment Oppotunity Commission ("EEOC") alleging age and gender discrimination. In August 2012, Plaintiff learned that a contract for Plaintiff was on the Board agenda, and yet Plaintiff was not informed, and the resolution was passed without discussions with Plaintiff, in violation of the District's own rules and procedures. The contract did not address Plaintiff's claims of discrimination and unequal pay, and again the other Assistant Superintendents were compensated with higher pay for less years of service. Plaintiff alleges she continues to be paid less than her younger and male counterparts. The EEOC issued a right to sue letter dated September 23, 2013, and this complaint was filed on December 20, 2013.

## DISCUSSION

### I. Standards on Motions to Dismiss

A motion to dismiss under Rule 12(c) is reviewed under the same standards that apply to a motion under Rule 12(b)(6).[2] Jenn-Ching Luo v. Baldwin Union Free School Dist., 2013 WL 6726899, *1 (2d Cir. 2013). All factual allegations are accepted as true, with all inferences to be drawn in favor of the plaintiff. Martine's Service Center, Inc. v. Town of Wallkill, 2014 WL 321943, *1 (2d Cir. 2014) (citations omitted). To survive the pleading stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," and must do more than conclusorily assert the elements of a cause of action. Schnitter v. City of Rochester, 2014 WL 494893, *1 (2d Cir. 2014), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### II. The Present Motion

#### 1. State Law Claims Must be Dismissed for Failure to Serve a Notice of Claim

Defendant argues that Plaintiff's claims under New York law must be dismissed for failure to serve a notice of claim on the District as required by New York Education Law § 3813. That law states that no action can be maintained against a district board of education, or officer of a school district or board of education unless a notice of claim has been "presented to the

---

[2]Defendants style this as a motion to dismiss under Rule 12(c), for lack of subject matter jurisdiction for failure to serve a notice of claim, yet also argues that the Plaintiff has failed to adequately plead her claims. As noted, the standards are similar, and the Court has restricted its review here to the pleadings and the exhibits attached to the complaint or incorporated therein by reference, which includes the EEOC complaint and the EEOC right to sue letter. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

governing body of said district or school within three months after the accrual of such claim." As stated by the New York Court of Appeals, "on previous occasions, the purpose of section 3813 of the Education Law is to give a school district prompt notice of claims 'so that an investigation may be made before it is too late for investigation to be efficient.'" Parochial Bus Systems, Inc. v. Board of Educ. of City of New York, 60 N.Y.2d 539, 547, 458 N.E.2d 1241, 1244-45 (1983) (citations omitted). "The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose ... and, where an action in contract is involved, the monetary demand and some explanation of its computation." Id. (citations omitted).

"Satisfaction of these requirements is a condition precedent to bringing an action against a school district or a board of education." Id. (Citations omitted). As noted by that Court, "[i]ndeed, this court has long held, in the words of Chief Judge Cardozo, that where the "legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue [,] [t]he courts are without power to substitute something else.' Moreover, '[w]hat satisfies [a statute such as section 3813 of the Education Law] is not knowledge of the wrong. What the statute exacts is notice of the 'claim.'" Id., at 548 (citations omitted). This sentiment was repeated by the New York Court of Appeals in Varsity Transit, Inc. v. Board of Educ. of City of New York, 5 N.Y.3d 532, 536, 840 N.E.2d 569, 571 (2005) ("[w]e have repeatedly rejected, and now reject again, proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexatious disputes.").

Courts in this district have consistently held that the requirement of § 38013 apply to

claims of discrimination brought under NYSHRL, § 296 against a school district. See Thomas v. New York City Dept. of Educ., 938 F.Supp.2d 334, 360 (E.D.N.Y. 2013); Chesney v. Valley Stream Union Free School Dist. No. 24, 2006 WL 2713934, *8 (E.D.N.Y. 2006) (citing Cavanaugh v. Bd. of Educ. of Huntington Union Free Sch. Dist., 296 A.D.2d 369, 369 (2d Dep't 2002) ("Where, as here, a plaintiff seeks private relief for employment discrimination in violation of the Executive Law, the timely filing of a notice of claim is a condition precedent to suit.")

A plaintiff must plead compliance with § 3813(1)'s notice of claim requirements. Thomas v. New York City Dept. of Educ., 938 F.Supp.2d 334, 359 (E.D.N.Y. 2013) (citations omitted). A plaintiff's failure to present a notice of claim to "the governing body" of the district or school is fatal to the claim. Parochial Bus Systems, Inc., 60 N.Y.2d at 568.

As this Court has previously ruled, "[a]n EEOC complaint can serve as a substitute for the Section 3813 notice of claim only under the rare and limited circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory time period." Brtalik v. South Huntington Union Free School Dist., 2010 WL 3958430, *5 (E.D.N.Y. 2010).

Plaintiff argues that the transmittance of Plaintiff's EEOC complaint by the EEOC to the Superintendent of the Sachem Central School District satisfies the notice of claim requirement. Yet Plaintiff's complaint does not contain any allegations concerning a notice of claim, and in opposition to this motion, Plaintiff argues that the complaint "essentially pleads that she has complied with § 3813." Plaintiff's Memorandum in Opposition ("Pl. Mem. in Opp."), at 12.

The Court finds that this does not satisfy the requirement of § 3813, or the relevant

caselaw permitting service of the EEOC complaint to constitute satisfaction of § 3813 in the "rare and limited circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing body of the district (and not a different arm of the district), and is served within the statutory time period." Brtalik, 2010 WL 3958430, at *5 (citations omitted); see Thomas, 938 F.Supp.2d at 360 (noting that for EEOC claim to satisfy the requirements of § 3813, it must be served on the proper "governing body" of a school and be served within three months after the accrual of a claim). The Court also finds it important to note that under the standards outlined above, EEOC complaint, which alleges discrimination based on age and gender, does not put the District on notice of Plaintiff's claims for breach of contract or intentional infliction of emotional distress. Therefore, Defendants' motion to dismiss Plaintiff's state claw claims for failure to present a notice of claim is granted.[3]

Even disregarding the notice of claim issue, the Court finds that Plaintiff's complaint fails to state a claim for intentional infliction of emotional distress. To make that *prima facie* case, a plaintiff must show: "(1) extreme and outrageous conduct by the defendant, (2) that was intended to cause, (3) and that did cause, (4) severe emotional distress." Tesoriero v. Syosset Central School Dist., 382 F.Supp.2d 387, 403 (E.D.N.Y. 2005) (citations omitted). It is has been noted by other courts in this Circuit that "'[t]he New York Court of Appeals has rarely allowed a plaintiff to sustain a claim for intentional infliction of emotional distress in an employment discrimination case.'" Curcio v. Roosevelt Union Free School Dist., 2012 WL 3646935, *21 (E.D.N.Y. 2012) (citing Turley v. ISG Lackawanna, Inc., 803 F.Supp.2d 217, 255 (W.D.N.Y.

---

[3]The Court finds that amending the complaint to address this deficiency would be futile and therefore denies Plaintiff's motion for leave to replead.

2011); Ahmed v. Compass Group, 2000 WL 1072299, at * 10 (S.D.N.Y. 2000)). The Court finds that Plaintiff's complaint fails to allege "extreme and outrageous conduct" by the Defendants, or that Defendants intended to cause such emotional distress. Id. Therefore, the Court grants Defendants' motion to dismiss this claim on this basis as well.

### 2. Individual Liability

Defendant argues, correctly, that the claims against Defendant James Nolan under the ADEA and Title VII must be dismissed "because the ... ADEA, like Title VII, do[es] not provide for actions against individual supervisors." Darcy v. Lippman, 356 Fed.Appx. 434, 437 (2d Cir. 2009) (citations omitted); Herling v. New York City Dept. of Education, 2014 WL 1621966, *10 (E.D.N.Y. 2014) (it is well settled that individuals are not subject to liability under Title VII) (citing Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (other citations omitted). Therefore, those claims against Defendant James Nolan are dismissed.

### 3. Failure to State a Claim under the ADEA

Defendants argue that Plaintiff's allegations fail to adequately state claims under the ADEA, asserting that they fail to show any discrimination against Plaintiff because of her age. According to Defendants, Plaintiff merely alleges that other younger assistant superintendents with less experience received more money and were favored over her.[4] For the purposes of a motion to dismiss for failure to sate a claim, the Court must accept the allegations as true. Therefore, the Court finds that the allegations are sufficient to state a claim under the ADEA and

---

[4]Yet, Plaintiff's complaint also notes that an older male assistant superintendent earned more than she did.

Defendants' motion to dismiss this claim for failure to state a claim is denied.[5]

### 4. Failure to State Claims under Title VII and the Equal Pay Act

Similarly, Defendants argue that Plaintiff's allegations fail to support claims of gender discrimination under Title VII or the Equal Pay Act. Defendants claim that Plaintiff's allegations fail to indicate that she suffered different treatment as a result of her gender, other than pointing to salaries of two males, one which was more and one which was less, which Plaintiff alleges was not warranted based on years of experience. Defendants further argue that Plaintiff's allegations do not provide any information concerning the manner in which the positions she is comparing varied, if they did. Yet, the Plaintiff does allege that the other Assistant Superintendents received pay discrepancies and contract treatment different from hers. The Court finds that, accepting Plaintiff's allegations as true, as a court must when evaluating a motion to dismiss, they sufficiently allege claims under Title VII and the Equal Pay Act. Therefore, Defendants' motion to dismiss these claims is denied.[6]

---

[5]Defendant also argues that Plaintiff cannot seek recovery for conduct occurring before July 9, 2011, which was 300 days before Plaintiff filed her claim with the EEOC. The Court agrees that Plaintiff is unable to recover for conduct beyond the statute of limitations, and will address this issue at the time of trial, if necessary.

[6]Similarly, the Court declines the dismiss Plaintiff's remaining claims under 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment, the First Amendment, municipal liability, or conspiracy under § 1985, without prejudice to renew at the time of the trial.

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby grants Defendants' motion for dismiss Plaintiff's state law claims and the ADEA and Title VII claims against Defendant James Nolan. Defendants' motion to dismiss all other claims is denied. Counsel are reminded that jury selection of this matter is scheduled for July 6, 2015.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      February 11, 2014